**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ROKFORM LLC, a Delaware corporation; ROKFORM IP LLC, a California corporation, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. |
| | JURY TRIAL DEMANDED |
| ANNEX PRODUCTS PTY. LTD., an Australian company, | |
| Defendant. | |

**<u>COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND</u>**

Plaintiffs Rokform LLC and Rokform IP LLC (collectively, "Rokform") hereby complain of Defendant Annex Products Pty. Ltd. (d/b/a Quad Lock) ("Quad Lock") and alleges as follows:

## PARTIES

1.     Rokform LLC is a Delaware corporation with a principal place of business at 16180 Scientific Way, Irvine, CA 92618.

2.     Rokform IP LLC is a California corporation with a principal place of business at 16180 Scientific Way, Irvine, CA 92618.

3.     Rokform IP LLC is the owner of the U.S. Patent Nos. 8,708,151; 9,383,774; 9,592,871; 10,112,670; 10,864,956; 11,775,019; and 12,250,333 (collectively, the "Asserted Patents"). Rokform LLC is the exclusive licensee of the Asserted Patents. The exclusive license includes the exclusive right to practice the inventions claimed in the Asserted Patents within the United States and the right to sue for and collect past damages.

4.     On information and belief, Quad Lock is an Australian company with a principal place of business at Como Centre, Level 3, Suite 6A, 299 Toorak Rd, South Yarra, VIC 3141, Australia.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Quad Lock is subject to personal jurisdiction in the State of Texas and this District because it is doing, and has done, substantial business in this District, including business relating to the sale and distribution of the Accused Products. Accused Products include the Quad Lock Case Product Line (as defined below), Quad Lock MAG Case Product Line (as defined below), Quad Lock mounts having a mount interlock surface, such as the stem cap mount adjustable, Quad

Lock mounts having an interlocking member, such as the stem cap mount adjustable, Quad Lock mounts having a mounting base and an interlocking member, such as the handlebar mount, and Quad Lock mounts having a mount piece and a mount attachment piece, such as the stem cap mount adjustable.  Quad Lock has continuous and systematic business contacts with the State of Texas and directly, or through intermediaries such as distributors, conducts business in Texas by shipping, distributing, offering for sale, selling, and advertising (including the provision of an interactive web page, *see, e.g.*, https://www.quadlockcase.com) the Accused Products in the State of Texas and this District.  The interactive web page can be accessed in the State of Texas and this District, and it expressly offers products for sale to customers in the U.S. and expressly offers free shipping to customers in the U.S.  Quad Lock, directly, or through intermediaries such as distributors, has also purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District.  Quad Lock also sells its products through distributors, including those located in the State of Texas.  For example, J & B Importers, Inc., which has an office in the State of Texas, is a distributor of Quad Lock's products, including products accused of infringing the Asserted Patents.  Therefore, the exercise of jurisdiction over Quad Lock is appropriate under the applicable jurisdictional statutes consistent with traditional notions of fair play and substantial justice.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Quad Lock is a foreign company and is not resident in the United States.

## **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

### *History of Rokform*

8.    Rokform LLC is a pioneer in the design, development, and distribution of innovative and high-quality handheld electronic device accessories, including cases and mounts for use in

vehicles and other recreational settings.  Rokform LLC offers a range of products to protect handheld electronic devices and allow hands-free use of such devices at home, in the car, on a bicycle, on a motorcycle, and in other settings.  Rokform LLC was founded in 2010 and has since established itself as one of the leading brands in the handheld electronic device accessory market.

9.    Rokform LLC's products, including its renowned rugged magnetic phone and tablet cases, and its high-quality magnetic and non-magnetic mounting technologies, are meticulously engineered to provide superior protection, versatility, and convenience.

10.    Rokform LLC has been praised for its groundbreaking advancements in handheld electronic device and mount technology.  For example, Rokform LLC has received awards for its technology, including from the Consumer Electronics Show ("CES").  As another example, Rokform LLC's products have been featured as a top phone case or phone mount by well-known media outlets, such as CNET, Tom's Guide, GearLab, Android Authority, digitaltrends.com, Digital Camera World, Apple Insider, Android Central, Best Products, Bicycling.com, Road and Track, and SlashGear.  These innovations have solidified Rokform LLC's reputation as an industry leader.  Rokform LLC's products have also been featured in numerous media outlets, including Car and Driver, Buzzfeed, Android Police, Gear Junkie, Golf.com, Adventure Rider, and Esquire.

11.    Rokform IP LLC is the assignee of U.S. Patent No. 8,708,151 (the "'151 Patent"), entitled "CASE AND MOUNT SYSTEM FOR HANDHELD ELECTRONIC DEVICE," which issued on April 29, 2014 naming inventors Jeff Whitten, Bernhard Leitner, and Craig Erion.  A copy of the '151 Patent is attached as Exhibit A hereto.

12.    Rokform IP LLC is the assignee of U.S. Patent No. 9,383,774 (the "'774 Patent"), entitled "CASE AND MOUNT SYSTEM FOR HANDHELD ELECTRONIC DEVICE," which issued on July 5, 2016 in the name of inventors Jeff Whitten, Bernhard Leitner, and Craig Erion.

COMPLAINT

A copy of the '774 Patent is attached as Exhibit B hereto.

13.  Rokform IP LLC is the assignee of U.S. Patent No. 9,592,871 (the "'871 Patent"), entitled "CASE AND MOUNT SYSTEM FOR HANDHELD ELECTRONIC DEVICE," which issued on March 14, 2017 in the name of inventors Jeff Whitten, Bernhard Leitner, and Craig Erion.  A copy of the '871 Patent is attached as Exhibit C hereto.

14.  Rokform IP LLC is the assignee of U.S. Patent No. 10,112,670 (the "'670 Patent"), entitled "CASE AND MOUNT SYSTEM FOR HANDHELD ELECTRONIC DEVICE," which issued on October 30, 2018 in the name of inventors Jeff Whitten, Bernhard Leitner, and Craig Erion.  A copy of the '670 Patent is attached as Exhibit D hereto.

15.  Rokform IP LLC is the assignee of U.S. Patent No. 10,864,956 (the "'956 Patent"), entitled "CASE AND MOUNT SYSTEM FOR HANDHELD ELECTRONIC DEVICE,"  which issued on December 15, 2020 in the name of inventors Jeff Whitten, Bernhard Leitner, and Craig Erion.  A copy of the '956 Patent is attached as Exhibit E hereto.

16.  Rokform IP LLC is the assignee of U.S. Patent No. 11,775,019 (the "'019 Patent"), entitled "CASE AND MOUNT SYSTEM FOR HANDHELD ELECTRONIC DEVICE,"  which issued on October 3, 2023 in the name of inventors Jeff Whitten, Bernhard Leitner, and Craig Erion.  A copy of the '019 Patent is attached as Exhibit F hereto.

17.  The '151 Patent, '774 Patent, '871 Patent, '670 Patent, '956 Patent and '019 Patent are collectively referred to herein as the "WLE Patents."

18.  Rokform IP LLC is the assignee of U.S. Patent No. 12,250,333 (the "'333 Patent"), entitled "ELECTRONIC DEVICE MOUNT," which issued on March 11, 2025 in the name of inventors Jeff Whitten and Jose Estuardo Chavarria.  A copy of the '333 Patent is attached as Exhibit G hereto.

COMPLAINT

19.  Rokform has a long-standing history of diligently protecting its patent rights, and Rokform LLC has consistently marked its products embodying the inventions claimed in its patents with the patent number in compliance with 35 U.S.C. § 287.  This practice has provided clear and conspicuous notice to the public of Rokform's patent rights.

20.  Rokform's patents are well known in the industry for handheld electronic device accessories for use in vehicles and other recreational settings.  For example, Rokform's patents have been repeatedly cited by companies that make protective cases for electronic devices.  The '151 Patent has been cited in, for example, patents owned by Spigen, Peak Design, T-Mobile, and Mobile Tech.  The '774 Patent has been cited in, for example, patents owned by Fidlock.   The '871 Patent has been cited in, for example, patents owned by Spigen, Peak Design, and Popsockets.  The '333 Patent has been cited in, for example, patents owned by Apple.

*Quad Lock*

21.  Quad Lock sells handheld electronic device accessories, including cases and mounts for use in vehicles and other recreational settings and is one of Rokform's closest competitors.

*Infringement by Quad Lock*

22. Quad Lock offers for sale and sells, for example, on its website and online marketplaces, such as Amazon, many kits that include both an electronic device case and a compatible mount.  Quad Lock offers for sale on Amazon a kit for a particular mount where a customer can select a phone case from a selection of phone cases for different phone models.  *See* Exhibit H.  Quad Lock also offers for sale on its website a kit where a customer selects a case (e.g., iPhone 16 Pro) and then a case type (e.g., MAG Case), a mount (e.g., Suction Windscreen/Dash Mount), and a head.  Quad Lock also offers for sale and sells cases for phones and iPads and mounts individually. Examples of an iPhone MAG case and a suction windscreen/dash mount from

5

COMPLAINT

Quad Lock's website are shown below.



https://www.quadlockcase.com/collections/mag/products/mag-cases-all-iphone-devices.



https://www.quadlockcase.com/collections/shop-mounts/products/4x4-car-suction-windscreen-

dash-mount.

23. Rokform LLC provided specific notice to Quad Lock that it infringes Rokform's

patents.  On April 19, 2017, Rokform LLC sent a letter to Quad Lock demonstrating Quad Lock's

infringement of Rokform's '774 and '871 Patents.  On October 4, 2017, Rokform LLC sent another

letter to Quad Lock informing Quad Lock that its products embody allowed claims of its U.S.

Patent Application No. 15/456,275, which later issued as the '670 Patent.

24. On information and belief, Quad Lock has been closely monitoring Rokform's patent

portfolio. For example, during the prosecution of Quad Lock's own U.S. patents, Quad Lock specifically disclosed to the United States Patent and Trademark Office numerous information disclosure statement forms that identify the '151 Patent, as well as other Rokform patents in the same family. Quad Lock has also submitted to the Patent and Trademark Office webpage links to Rokform LLC products covered and marked by one or more of the Asserted Patents, and other Rokform patent applications, patents, and publications.

25. Quad Lock has continued to offer for sale and sell its infringing kits, cases, and mounts after receiving Rokform LLC's April 19, 2017 and October 4, 2017 letters.

26. In marketing its products on its website, social media, and online marketplaces such as Amazon, Quad Lock encourages customers to combine its Quad Lock electronic device case with a Quad Lock mount, namely by mounting the electronic device case onto the mount, including by providing videos and instruction manuals providing such encouragement. Quad Lock's electronic device cases and mounts are especially designed, with unique structures and interfaces, for use with each other and will not work with cases and mounts from other manufacturers.

27. One such video can be found at the product page for iPhone cases on Quad Lock's website (https://www.quadlockcase.com/collections/cases/products/iphone-case-all-devices).

28. A screenshot taken at 0:16 from that video, which is also available on Quad Lock's YouTube channel (https://www.youtube.com/watch?v=1n7kX0tRCoM&t=16s), shows a person holding the Quad Lock MAG phone case next to a Quad Lock motorcycle mount.



COMPLAINT

29. A second screenshot, taken at 0:17 from that video, shows the person connecting the Quad Lock MAG phone case to the Quad Lock motorcycle mount. This portion of the video is accompanied by audio and subtitle instruction that "[t]he Quad Lock MAG Case is compatible with all Quad Lock mounts."



30. A third and a fourth screenshot, taken from 0:49 and 0:50 from that video, show a person connecting an original, or non-magnetic, Quad Lock phone case to a Quad Lock bicycle mount. The screenshots are accompanied by audio and subtitle instruction that "[o]ur original Quad Lock Case, used by millions worldwide, is compatible with all original twist & lock mounts."



31. In another example, in a video on Quad Lock's YouTube channel, Quad Lock's representative states: "All Quad Lock builds require both a mount and the case to work together." https://www.youtube.com/watch?v=84Td95KdOlM.

32. Quad Lock also encourages customers in an instruction manual to use a Quad Lock case and a Quad Lock mount together. Exhibit I provides an instruction manual for the Adhesive

Wall Mount (https://support.quadlockcase.com/hc/article_attachments/8094192254223). The manual instructs a customer to, "[p]osition your Quad Lock case centrally over the mount at 45°. Place your case onto the mount and twist until you feel it click into position." The manual also provides a visual instruction to encourage a customer to use a Quad Lock electronic device case with a Quad Lock mount, as shown below.



33. On information and belief, Quad Lock imports from China all of its products that are sold in the United States.

34. On information and belief, Quad Lock, its agents, or its employees, also use the Accused Products at least in the creation of the marketing materials alleged above. On information and belief, Quad Lock also uses the Accused Products in testing. In its use and testing of the Accused Products, Quad Lock makes the claimed systems.

35. Quad Lock's iPhone cases, iPad cases, Galaxy cases, Pixel cases, Huawei cases, Oscar Piastri Edition cases, Lando Norris Edition cases, and McLaren Edition cases ("Quad Lock's Case Product Line") and Quad Lock's mounts having a mount interlock surface, such as the stem cap mount adjustable, infringe at least claim 15 of the '151 Patent.

36. Quad Lock's Case Product Line and Quad Lock's mounts comprising an interlocking member, such as the stem cap mount adjustable, infringe at least claim 8 of the '774 Patent.

COMPLAINT

37.    Quad Lock's Case Product Line and Quad Lock's mounts comprising a mounting base and an interlocking member, such as the handlebar mount, infringe at least claim 6 of the '871 Patent.

38.    Quad Lock's Case Product Line and Quad Lock's mounts comprising a mounting base and an interlocking member, such as the handlebar mount, infringe at least claim 1 of the '670 Patent.

39.    Quad Lock's Case Product Line and Quad Lock's mounts comprising a mount piece and a mount attachment piece, such as the stem cap mount adjustable, infringe at least claim 6 of the '956 Patent.

40.    Quad Lock's MAG cases, including iPhone cases, iPad cases, Galaxy cases, Pixel cases, Huawei cases, Oscar Piastri Edition cases, Lando Norris Edition cases, and McLaren Edition cases ("Quad Lock's MAG Case Product Line"), infringe at least claim 9 of the '019 Patent.

41.    Quad Lock's MAG Case Product Line infringe at least claim 1 of the '333 Patent.

## COUNT I

### (Direct Patent Infringement of the '151 Patent)

42.    Rokform incorporates by reference all previous allegations as though set forth fully herein.

43.    Quad Lock has infringed, and continues to infringe, one or more claims of the '151 Patent, including at least claim 15, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, and selling, and importing its Quad Lock Case Product Line and Quad Lock mounts having a mount interlock surface, such as the stem cap mount adjustable.

COMPLAINT

44.    For example, each of the cases in Quad Lock 's Case Product Line, such as an iPhone MAG case, and a mount having a mount interlock surface, such as the stem cap mount adjustable, together form a protection system for a handheld electronic device.  As illustrated below, Quad Lock's iPhone MAG case includes a shell comprising a rear wall and a side wall extending in a first direction from the rear wall, wherein, in use, the side wall encloses a plurality of peripheral edges of an associated handheld electronic device, the rear wall comprising a first surface facing in the first direction and a second surface facing in a second direction opposite the first direction; wherein the rear wall comprises an opening extending through the second surface, the opening defining at least one shell interlock surface.



https://www.quadlockcase.com/collections/cases/products/iphone-case-all-devices. As illustrated below, Quad Lock's stem cap mount adjustable is a mount having at least one mount interlock surface; wherein the mount is a bike mount that, in use, is mounted to a component of a bicycle, and wherein the bike mount comprises a cap portion that, in use, is secured to a steerer tube of the bicycle; and wherein the mount comprises an arm portion that extends between the cap portion and the at least one mount interlock surface, wherein the arm portion is rotatably adjustable relative to the cap portion.

COMPLAINT



https://www.quadlockcase.com/collections/shop-mounts. As illustrated below, Quad Lock's protection system is a protection system wherein, in use, a portion of the mount is passed through the opening of the shell and the at least one shell interlock surface is engaged with the at least one mount interlock surface to selectively couple the shell to the mount.



https://www.youtube.com/watch?v=okW6SNffgbc.

45.   Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

46.   Rokform LLC has marked its products with the '151 Patent since at least October 1, 2020.

47.   Quad Lock has had notice of its infringement of the '151 Patent no later than the filing of this action.

48.   Quad Lock's acts of infringement of the '151 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '151 Patent. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to

the fact, that its actions constituted infringement of the '151 Patent, given Quad Lock's knowledge of the '151 Patent, Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock.  Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

49.   As a direct and proximate result of Quad Lock's infringement of the '151 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '151 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT II

## (Indirect Patent Infringement of the '151 Patent)

50.   Rokform incorporates by reference all previous allegations as though set forth fully herein.

51.   Quad Lock, knowing its products infringe the '151 Patent and with the specific intent for others to infringe the '151 Patent, induced infringement of one or more claims of the '151 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '151 Patent.  On information and belief, Quad Lock accomplishes such inducement by directing and/or

COMPLAINT

instructing others to assemble, use, and/or operate its protection systems that are the subject of at least claim 15 of the '151 Patent, including its Quad Lock Case Product Line and mounts having a mount interlock surface.

52.    On information and belief, Quad Lock has also contributed to the infringement of one or more claims of the '151 Patent under 35 U.S.C. § 271(c) both literally and/or under the doctrine of equivalents by making, using, offering to sell, selling, or importing in or into the United States one or more components of its protection systems that are the subject of at least claim 15 of the '151 Patent, including its Quad Lock Case Product Line and mounts having a mount interlock surface, knowing such components to be especially made or adapted for use in an infringement of the '151 Patent and not suitable for any substantial non-infringing use.

53.    Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

54.    Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '151 Patent, given Quad Lock's knowledge of the '151 Patent, Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. Quad Lock has nonetheless continued in its infringement.

55.    In the alternative, by no later than the time of the filing of this action, Quad Lock knew, or should have known, that its actions constitute infringement of the '151 Patent. Quad Lock has nonetheless continued in its infringement.

56.    Quad Lock's acts of infringement of the '151 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '151 Patent.

COMPLAINT

On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

57.    As a direct and proximate result of Quad Lock's infringement of the '151 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '151 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT III

### (Direct Patent Infringement of the '774 Patent)

58.    Rokform incorporates by reference all previous allegations as though set forth fully herein.

59.    Quad Lock has infringed, and continues to infringe, one or more claims of the '774 Patent, including at least claim 8, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and importing its Quad Lock Case Product Line and Quad Lock mounts comprising an interlocking member, such as the stem cap mount adjustable.

60.    For example, each of the cases in Quad Lock's Case Product Line, such as an iPhone MAG case, and a mount comprising an interlocking member, such as a stem cap mount adjustable, together form a mountable case system for a handheld electronic device.  As illustrated below,

Quad Lock's iPhone MAG case is a case configured to be selectively connectable to an associated handheld electronic device and retain the electronic device within an interior space of the case, the case comprising a rear portion that is positioned along a rear surface of the electronic device and a side portion extending from the rear portion and surrounding an entire periphery of the electronic device; wherein the rear portion of the case comprises an attachment region defining an opening having a periphery, wherein the periphery of the opening defines at least a first case tab, a second case tab, a third case tab and a fourth case tab, wherein each of the case tabs are separated by one of a plurality of access spaces.



https://www.quadlockcase.com/collections/cases/products/iphone-case-all-devices. As illustrated below, Quad Lock's stem cap mount adjustable is a bike mount comprising (1) an interlocking member comprising a first mount tab, a second mount tab, a third mount tab and a fourth mount tab, (2) a cap portion that, in use, is secured to a steerer tube of the bicycle, and (3) an arm portion that extends between the cap portion and the at least one mount interlock surface, wherein the arm portion is rotatably adjustable relative to the cap portion.

COMPLAINT



https://www.quadlockcase.com/collections/shop-mounts.  As  illustrated  below,  Quad  Lock's
mountable case system is a mountable case system wherein, in use, the mount tabs are passed
through a respective one of the access spaces and wherein, upon relative rotation between the case
and the mount to an interlocking position, the mount tabs engage the case tabs to removably
interlock the case with the mount.



https://www.youtube.com/watch?v=okW6SNffgbc.

61.    Quad Lock's infringing acts are without license or authorization from Rokform IP
LLC.

62.    Rokform LLC has marked its products with the '774 Patent since at least October 1,
2020.

63.    Quad Lock has had notice of its infringement of the '774 Patent since April 19, 2017
when Rokform LLC sent a letter to Quad Lock.

64.    Quad  Lock's  acts  of  infringement  of  the  '774  Patent  recited  herein  have  been
committed, and are being committed, with full knowledge of Rokform's rights in the '774 Patent.

COMPLAINT

By no later than April 19, 2017, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '774 Patent, given Rokform's marking of the '774 Patent, Rokform LLC's April 19, 2017 cease-and-desist letter asserting that Quad Lock is infringing the '774 Patent, Rokform LLC's October 4, 2017 cease-and-desist letter, Quad Lock's financial resources, Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products, and the citation of the '774 Patent by companies in the same industry as Quad Lock.  On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock.  Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

65.    As a direct and proximate result of Quad Lock's infringement of the '774 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '774 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT IV

### (Indirect Patent Infringement of the '774 Patent)

66.     Rokform incorporates by reference all previous allegations as though set forth fully herein.

67.    Quad Lock, knowing its products infringe the '774 Patent and with the specific intent for others to infringe the '774 Patent, induced infringement of one or more claims of the

'774 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '774 Patent.  On information and belief, Quad Lock accomplishes such inducement by directing and/or instructing others to assemble, use, and/or operate its mountable case systems that are the subject of at least claim 8 of the '774 Patent, including its Quad Lock Case Product Line and mounts having an interlocking member.

68.   On information and belief, Quad Lock has also contributed to the infringement of one or more claims of the '774 Patent under 35 U.S.C. § 271(c) both literally and/or under the doctrine of equivalents by making, using, offering to sell, selling, or importing in or into the United States one or more components of its mountable case systems that are the subject of at least claim 8 of the '774 Patent, including its Quad Lock Case Product Line and mounts having an interlocking member, knowing such components to be especially made or adapted for use in an infringement of the '774 Patent and not suitable for any substantial non-infringing use.

69.   Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

70.   By no later than April 19, 2017, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '774 Patent, given Rokform's marking of the '774 Patent, Rokform LLC's April 19, 2017 cease-and-desist letter asserting that Quad Lock is infringing the '774 Patent, Rokform LLC's October 4, 2017 cease-and-desist letter, Quad Lock's financial resources, Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products, and the citation of the '774 Patent by companies in the same industry as Quad Lock. Quad Lock has nonetheless continued in its infringement.

COMPLAINT

71.   In the alternative, by no later than the time of the filing of this action, Quad Lock knew, or should have known, that its actions constitute infringement of the '774 Patent. Quad Lock has nonetheless continued in its infringement.

72.   Quad Lock's acts of infringement of the '774 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '774 Patent. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock.  Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

73.   As a direct and proximate result of Quad Lock's infringement of the '774 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '774 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT V

## (Direct Patent Infringement of the '871 Patent)

74.   Rokform incorporates by reference all previous allegations as though set forth fully herein.

75.   Quad Lock has infringed, and continues to infringe, one or more claims of the '871 Patent, including at least claim 6, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and importing its Quad Lock Case Product

Line and Quad Lock mounts comprising a mounting base and an interlocking member, such as the handlebar mount.

76.    For example, each of the cases in Quad Lock's Case Product Line, such as an iPhone MAG case, and a Quad Lock mount comprising a mounting base and an interlocking member, such as a handlebar mount, together form a mountable case system for a handheld electronic device.  As illustrated below, Quad Lock's iPhone MAG case is a case configured to be selectively connectable to an associated handheld electronic device and retain the electronic device within an interior space of the case, the case comprising a rear portion that is positioned along a rear surface of the electronic device and a side portion extending from the rear portion and being positioned adjacent at least a portion of a top, bottom, left and right sides of the electronic device; wherein the rear portion of the case comprises an attachment region defining an opening having a periphery, wherein the periphery of the opening defines at least a first case tab, a second case tab, a third case tab and a fourth case tab, wherein each of the case tabs are separated by one of a plurality of access spaces.



https://www.quadlockcase.com/collections/cases/products/iphone-case-all-devices. As illustrated below, Quad Lock's handlebar mount is a mount comprising a mounting base and an interlocking member, the interlocking member comprising a first mount tab, a second mount tab, a third mount tab and a fourth mount tab, wherein the interlocking member is attached to the mounting base, the

COMPLAINT

mount further comprising at least a first projection and a second projection, the first projection and the second projection being circumferentially offset from each of the mount tabs.



https://www.quadlockcase.com/collections/shop-mounts. As illustrated below, Quad Lock's mountable case system is a mountable case system wherein, in use, the mount tabs are passed through a respective one of the access spaces and wherein, upon relative rotation between the case and the mount to an interlocking position, the mount tabs engage the case tabs to removably interlock the case with the mount and the first projection and the second projection are aligned with a first one and a second one of the plurality of access spaces, respectively.



https://www.youtube.com/watch?v=R5rXkO9uY4k&t=11s.

   77. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

   78. Rokform LLC has marked its products with the '871 Patent since at least October 1, 2020.

COMPLAINT

79.   Quad Lock has had notice of its infringement of the '871 Patent no later than April 19, 2017 when Rokform LLC sent a letter to Quad Lock.

80.   Quad Lock's acts of infringement of the '871 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '871 Patent. By no later than April 19, 2017, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '871 Patent, given Rokform's marking of the '871 Patent, Rokform LLC's April 19, 2017 cease-and-desist letter asserting that Quad Lock is infringing the '871 Patent, Rokform LLC's October 4, 2017 cease-and-desist letter, Quad Lock's financial resources, Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products, and the citation of the '871 Patent by companies in the same industry as Quad Lock.   On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock.   Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

81.   As a direct and proximate result of Quad Lock's infringement of the '871 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.   Unless Quad Lock is permanently enjoined from further infringement of the '871 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT VI

## (Indirect Patent Infringement of the '871 Patent)

COMPLAINT

82.    Rokform incorporates by reference all previous allegations as though set forth fully herein.

83.    Quad Lock, knowing its products infringe the '871 Patent and with the specific intent for others to infringe the '871 Patent, induced infringement of one or more claims of the '871 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '871 Patent.  On information and belief, Quad Lock accomplishes such inducement by directing and/or instructing others to assemble, use, and/or operate its mountable case systems that are the subject of at least claim 6 of the '871 Patent, including its Quad Lock Case Product Line and mounts having a mounting base and an interlocking member.

84.    On information and belief, Quad Lock has also contributed to the infringement of one or more claims of the '871 Patent under 35 U.S.C. § 271(c) both literally and/or under the doctrine of equivalents by making, using, offering to sell, selling, or importing in or into the United States one or more components of its mountable case systems that are the subject of at least claim 6 of the '871 Patent, including its Quad Lock Case Product Line and mounts having a mounting base and an interlocking member, knowing such components to be especially made or adapted for use in an infringement of the '871 Patent and not suitable for any substantial non-infringing use.

85.    Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

86.    By no later than April 19, 2017, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '871 Patent, given Rokform's marking of the '871 Patent, Rokform LLC's April 19, 2017 cease-and-desist letter asserting that Quad Lock is infringing the '871 Patent, Rokform LLC's October 4, 2017 cease-

and-desist letter, Quad Lock's financial resources, Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products, and the citation of the '871 Patent by companies in the same industry as Quad Lock. Quad Lock has nonetheless continued in its infringement.

87.    In the alternative, by no later than the time of the filing of this action, Quad Lock knew, or should have known, that its actions constitute infringement of the '871 Patent. Quad Lock has nonetheless continued in its infringement.

88.    Quad Lock's acts of infringement of the '871 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '871 Patent. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock.  Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

89.    As a direct and proximate result of Quad Lock's infringement of the '871 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '871 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT VII

### (Direct Patent Infringement of the '670 Patent)

90.    Rokform incorporates by reference all previous allegations as though set forth fully herein.

91.    Quad Lock has infringed, and continues to infringe, one or more claims of the '670 Patent, including at least claim 1, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and importing its Quad Lock Case Product Line and Quad Lock mounts comprising a mounting base and an interlocking member, such as the handlebar mount.

92.    For example, the cases in Quad Lock's Case Product Line, such as an iPhone MAG case, and a Quad Lock mount comprising a mounting base and an interlocking member, such as a handlebar mount, together form a mountable case system for a mobile electronic device.  As illustrated below, Quad Lock's iPhone MAG case is a case configured to be selectively connectable to the mobile electronic device and retain the electronic device within an interior space of the case, the case comprising a rear portion that is positioned along a rear surface of the electronic device and a side portion extending from the rear portion and being positioned adjacent at least a portion of a top, bottom, left and right sides of the electronic device; wherein the rear portion of the case comprises an attachment region defining an opening having a periphery, wherein the periphery of the opening defines at least a first case tab, a second case tab, a third case tab and a fourth case tab, wherein each of the case tabs are separated by one of a plurality of access spaces.



COMPLAINT

https://www.quadlockcase.com/collections/cases/products/iphone-case-all-devices. As illustrated below, Quad Lock's handlebar mount is a mount comprising a mounting base and an interlocking member, the mount having a first surface, the interlocking member comprising a first mount tab, a second mount tab, a third mount tab and a fourth mount tab, wherein the interlocking member is attached to the mounting base and spaced from the first surface, the mount further comprising at least a first projection and a second projection, the first projection and the second projection being circumferentially offset from each of the mount tabs and extending away from the first surface toward the interlocking member such that contacting surfaces of the first projection and the second projection are located in a position above the first surface.



https://www.quadlockcase.com/collections/shop-mounts. As illustrated below, Quad Lock's mountable case system is a mountable case system wherein, in use, the mount tabs are passed through a respective one of the access spaces and wherein, upon relative rotation between the case and the mount to an interlocking position, the mount tabs engage the case tabs to removably interlock the case with the mount, and wherein each of the first projection and the second projection defines a stop surface that is configured to contact a respective one of the first case tab, the second case tab, the third case tab and the fourth case tab when the case is moved relative to the mount from the interlocking position toward a direction tending to remove the case from the mount; wherein each of the first projection and the second projection are in contact with one of

COMPLAINT

the first case tab, the second case tab, the third case tab and the fourth case tab when the case and the mount are in the interlocking position.



https://www.youtube.com/watch?v=R5rXkO9uY4k&t=11s.

93.    Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

94.    Rokform LLC has marked its products with the '670 Patent since at least October 1, 2020.

95.    Quad Lock has had notice of its infringement of the '670 Patent since October 4, 2017, when Rokform LLC sent a letter to Quad Lock informing Quad Lock that its products embody allowed claims of the Application No. 15/456,275, which would issue as the '670 Patent.

96.    Quad Lock's acts of infringement of the '670 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '670 Patent. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '670 Patent, given Rokform's marking of the '670 Patent, Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted direct infringement of a valid

patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

97.    As a direct and proximate result of Quad Lock's infringement of the '670 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '670 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT VIII

### (Indirect Patent Infringement of the '670 Patent)

98.    Rokform incorporates by reference all previous allegations as though set forth fully herein.

99.    Quad Lock, knowing its products infringe the '670 Patent and with the specific intent for others to infringe the '670 Patent, induced infringement of one or more claims of the '670 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '670 Patent.  On information and belief, Quad Lock accomplishes such inducement by directing and/or instructing others to assemble, use, and/or operate its mountable case systems that are the subject of at least claim 1 of the '670 Patent, including its Quad Lock Case Product Line and mounts having a mounting base and an interlocking member.

100. On information and belief, Quad Lock has also contributed to the infringement of one or more claims of the '670 Patent under 35 U.S.C. § 271(c) both literally and/or under the

doctrine of equivalents by making, using, offering to sell, selling, or importing in or into the United States one or more components of its protection systems that are the subject of at least claim 1 of the '670 Patent, including its Quad Lock Case Product Line and mounts having a mounting base and an interlocking member, knowing such components to be especially made or adapted for use in an infringement of the '670 Patent and not suitable for any substantial non-infringing use.

101. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

102. By no later than October 4, 2017, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '670 Patent, given Rokform's marking of the '670 Patent, Rokform LLC's April 19, 2017 cease-and-desist letter, Rokform LLC's October 4, 2017 letter informing Quad Lock that its products embody allowed claims of the Application No. 15/456,275, which would issue as the '670 Patent, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. Quad Lock has nonetheless continued in its infringement.

103. In the alternative, by no later than the time of the filing of this action, Quad Lock knew, or should have known, that its actions constitute infringement of the '670 Patent. Quad Lock has nonetheless continued in its infringement.

104. Quad Lock's acts of infringement of the '670 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '670 Patent. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to

damages for Quad Lock's infringing acts.  Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

105.  As a direct and proximate result of Quad Lock's infringement of the '670 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '670 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT IX

### (Direct Patent Infringement of the '956 Patent)

106.  Rokform incorporates by reference all previous allegations as though set forth fully herein.

107.  Quad Lock has infringed, and continues to infringe, one or more claims of the '956 Patent, including at least claim 6, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and importing its Quad Lock Case Product Line and Quad Lock mounts comprising a mount piece and a mount attachment piece, such as the stem cap mount adjustable.

108.  For example, each of the cases in Quad Lock's Case Product Line, such as an iPhone MAG case, and a Quad Lock mount comprising a mount piece and a mount attachment piece, such as the stem cap mount adjustable, together form a mountable case system for a mobile electronic device.  As illustrated below, Quad Lock's iPhone MAG case is a case configured to be selectively connectable to the mobile electronic device and retain the electronic device within an interior space of the case, the case comprising a rear portion that is positioned along a rear surface of the electronic device and a side portion extending from the rear portion and being

31

COMPLAINT

positioned adjacent at least a portion of a top, bottom, left and right sides of the electronic device; wherein the rear portion of the case comprises an attachment region defining an opening having a periphery, wherein the periphery of the opening defines at least a first case tab and a second case tab, wherein each of the case tabs are separated by one of a plurality of access spaces; wherein the mobile electronic device the case is configured to be selectively connectable to is a mobile phone.



https://www.quadlockcase.com/collections/cases/products/iphone-case-all-devices. As illustrated below, Quad Lock's stem cap mount adjustable mount is a mount comprising a mount piece and a mount attachment piece, the mount attachment piece comprising an interlocking member, the interlocking member comprising a first mount tab and a second mount tab; an arm portion that extends between the mount piece and the mount attachment piece, wherein the arm portion is rotatably coupled to the mount piece.



https://www.quadlockcase.com/collections/shop-mounts. As illustrated below, Quad Lock's mountable case system is a mountable case system wherein, in use, the mount tabs are passed through a respective one of the access spaces and wherein, upon relative rotation between the case

COMPLAINT

and the mount to an interlocking position, the mount tabs engage the case tabs to removably interlock the case with the mount.



https://www.youtube.com/watch?v=okW6SNffgbc.

109. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

110. Rokform LLC has marked its products with the '956 Patent since at least November 27, 2023.

111. Quad Lock has had notice of its infringement of the '956 Patent no later than the filing of this action.

112. Quad Lock's acts of infringement of the '956 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '956 Patent. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '956 Patent, given Rokform's marking of the '956 Patent, Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. Quad Lock has nonetheless continued in its infringement. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted direct infringement of a valid patent, and knew, or should

have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

113. As a direct and proximate result of Quad Lock's infringement of the '956 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '956 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT X

### (Indirect Patent Infringement of the '956 Patent)

114.  Rokform incorporates by reference all previous allegations as though set forth fully herein.

115. Quad Lock, knowing its products infringe the '956 Patent and with the specific intent for others to infringe the '956 Patent, induced infringement of one or more claims of the '956 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '956 Patent.  On information and belief, Quad Lock accomplishes such inducement by directing and/or instructing others to assemble, use, and/or operate its mountable case systems that are the subject of at least claim 6 of the '956 Patent, including its Quad Lock Case Product Line and mounts having a mount piece and a mount attachment piece.

116. On information and belief, Quad Lock has also contributed to the infringement of one or more claims of the '956 Patent under 35 U.S.C. § 271(c) both literally and/or under the

doctrine of equivalents by making, using, offering to sell, selling, or importing in or into the United States one or more components of its mountable case systems that are the subject of at least claim 6 of the '956 Patent, including its Quad Lock Case Product Line and mounts having a mount piece and a mount attachment piece, knowing such components to be especially made or adapted for use in an infringement of the '956 Patent and not suitable for any substantial non-infringing use.

117. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

118. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '956 Patent, given Rokform's marking of the '956 Patent, Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. Quad Lock has nonetheless continued in its infringement.

119. In the alternative, by no later than the time of the filing of this action, Quad Lock knew, or should have known, that its actions constitute infringement of the '956 Patent. Quad Lock has nonetheless continued in its infringement.

120. Quad Lock's acts of infringement of the '956 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '956 Patent. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and

deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

121. As a direct and proximate result of Quad Lock's infringement of the '956 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '956 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT XI

### (Direct Patent Infringement of the '019 Patent)

122. Rokform incorporates by reference all previous allegations as though set forth fully herein.

123. Quad Lock has infringed, and continues to infringe, one or more claims of the '019 Patent, including at least claim 9, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by importing, using, offering to sell, and selling its Quad Lock MAG Case Product Line.

124. For example, each of Quad Lock's MAG cases, such as an iPhone MAG case, is a mountable case for a handheld electronic device. As illustrated below, Quad Lock's iPhone MAG case is a case configured to be selectively connectable to the handheld electronic device and retain the electronic device within an interior space of the case in use, the case comprising a rear wall that is configured to be positioned along a rear surface of the electronic device in use and a sidewall extending from the rear wall and being configured to be positioned adjacent at least a portion of a top, bottom, left and right sides of the electronic device in use, wherein the rear wall and the sidewall are a unitary structure. As illustrated below, Quad Lock's iPhone MAG case includes an exterior-facing member configured to be removably received in the rear wall of the case, the

COMPLAINT

exterior facing member having an indentation and at least one magnet received within the indentation, the indentation facing the rear wall of the case, wherein the rear wall of the case and the exterior facing member fully enclose the at least one magnet.



125. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

126. Quad Lock has had notice of its infringement of the '019 Patent since at least the filing of this action.

127. Quad Lock's acts of infringement of the '019 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '019 Patent. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '019 Patent, given Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. Quad Lock has nonetheless continued in its infringement.  On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to

enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

128. As a direct and proximate result of Quad Lock's infringement of the '019 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '019 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT XII

### (Indirect Patent Infringement of the '019 Patent)

129. Rokform incorporates by reference all previous allegations as though set forth fully herein.

130. Quad Lock, knowing its products infringe the '019 Patent and with the specific intent for others to infringe the '019 Patent, induced infringement of one or more claims of the '019 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '019 Patent.  On information and belief, Quad Lock accomplishes such inducement by directing and/or instructing others to assemble, use, and/or operate its mountable cases that are the subject of at least claim 9 of the '019 Patent, including its Quad Lock MAG Case Product Line.

131. On information and belief, Quad Lock has also contributed to the infringement of one or more claims of the '019 Patent under 35 U.S.C. § 271(c) both literally and/or under the doctrine of equivalents by making, using, offering to sell, selling, or importing in or into the United States one or more components of its mountable cases that are the subject of at least claim 9 of the '019 Patent, including its Quad Lock MAG Case Product Line, knowing such components to

be especially made or adapted for use in an infringement of the '019 Patent and not suitable for any substantial non-infringing use.

132. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

133. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '019 Patent, given Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, and Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products. Quad Lock has nonetheless continued in its infringement.

134. In the alternative, by no later than the time of the filing of this action, Quad Lock knew, or should have known, that its actions constitute infringement of the '019 Patent. Quad Lock has nonetheless continued in its infringement.

135. Quad Lock's acts of infringement of the '019 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '019 Patent. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

136. As a direct and proximate result of Quad Lock's infringement of the '019 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad

Lock is permanently enjoined from further infringement of the '019 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT XIII

### (Direct Patent Infringement of the '333 Patent)

137. Rokform incorporates by reference all previous allegations as though set forth fully herein.

138. Quad Lock has infringed, and continues to infringe, one or more claims of the '333 Patent, including at least claim 1, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by importing, using, offering to sell, and selling its Quad Lock MAG Case Product Line.

139. Quad Lock's MAG cases, including iPhone cases, iPad cases, Galaxy cases, Pixel cases, Huawei cases, Oscar Piastri Edition cases, Lando Norris Edition cases, and McLaren Edition cases infringe at least claim 1 of the '333 Patent. For example, each of Quad Lock's MAG cases, such as an iPhone MAG case, is a case for a handheld electronic device. As illustrated below, Quad Lock's iPhone MAG case includes a shell configured to encase the handheld electronic device. As illustrated below, Quad Lock's iPhone MAG case includes an annular ring magnet embedded within a rear exterior wall of the shell; wherein the annular ring magnet has a thickness that is less than or equal to about 5.0mm.



COMPLAINT

140. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

141. Quad Lock has had notice of its infringement of the '333 Patent since at least the filing of this action.

142. Quad Lock's acts of infringement of the '333 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '333 Patent. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '333 Patent, given Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial resources, Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products, and the citation of the '333 Patent by companies in the same industry as Quad Lock. Quad Lock has nonetheless continued in its infringement.  On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted direct infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

143. As a direct and proximate result of Quad Lock's infringement of the '333 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law.  Unless Quad Lock is permanently enjoined from further infringement of the '333 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT XIV

### (Indirect Patent Infringement of the '333 Patent)

144. Rokform incorporates by reference all previous allegations as though set forth fully herein.

145. Quad Lock, knowing its products infringe the '333 Patent and with the specific intent for others to infringe the '333 Patent, induced infringement of one or more claims of the '333 Patent under 35 U.S.C. § 271(b) both literally and/or under the doctrine of equivalents by, among other things, actively inducing others, including their customers, to infringe the '333 Patent. On information and belief, Quad Lock accomplishes such inducement by directing and/or instructing others to assemble, use, and/or operate its cases that are the subject of at least claim 1 of the '333 Patent, including its Quad Lock MAG Case Product Line.

146. On information and belief, Quad Lock has also contributed to the infringement of one or more claims of the '333 Patent under 35 U.S.C. § 271(c) both literally and/or under the doctrine of equivalents by making, using, offering to sell, selling, or importing in or into the United States one or more components of its cases that are the subject of at least claim 1 of the '333 Patent, including its Quad Lock MAG Case Product Line, knowing such components to be especially made or adapted for use in an infringement of the '333 Patent and not suitable for any substantial non-infringing use.

147. Quad Lock's infringing acts are without license or authorization from Rokform IP LLC.

148. Prior to the filing of this action, Quad Lock knew, should have known, or was willfully blind to the fact, that its actions constituted infringement of the '333 Patent, Rokform LLC's April 19, 2017 and October 4, 2017 cease-and-desist letters, Quad Lock's financial

resources, Quad Lock's monitoring of Rokform's patent portfolio and Rokform LLC's products, and the citation of the '333 Patent by companies in the same industry as Quad Lock. Quad Lock has nonetheless continued in its infringement.

149. In the alternative, by no later than the time of the filing of this action, Quad Lock knew, or should have known, that its actions constitute infringement of the '333 Patent. Quad Lock has nonetheless continued in its infringement.

150. Quad Lock's acts of infringement of the '333 Patent recited herein have been committed, and are being committed, with full knowledge of Rokform's rights in the '333 Patent. On information and belief, Quad Lock has acted, and is continuing to act, despite an objectively high likelihood that its actions constituted infringement of a valid patent, and knew, or should have known, of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Quad Lock. Pursuant to 35 U.S.C. § 284, Rokform is entitled to damages for Quad Lock's infringing acts. Quad Lock's acts further constitute willful and deliberate infringement, entitling Rokform to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

151. As a direct and proximate result of Quad Lock's infringement of the '333 Patent, Rokform has suffered irreparable injury for which it has no adequate remedy at law. Unless Quad Lock is permanently enjoined from further infringement of the '333 Patent, Rokform will continue to suffer irreparable injury and impairment of the value of its patent rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Rokform respectfully requests that the Court enter judgment:

A.  That Quad Lock has infringed and is infringing the Asserted Patents both literally and/or under the doctrine of equivalents;

B.  That Quad Lock has induced, and is inducing, infringement of the Asserted Patents;

C.  That Quad Lock has contributed to, and is contributing to, infringement of the Asserted Patents;

D.  That Quad Lock has willfully infringed, and is willfully infringing, the Asserted Patents;

E.  That the Asserted Patents are valid and enforceable;

F.  That Quad Lock, its officers, agents, and employees, and those persons in active concert of participation with any of them, and its successors and assigns be preliminary and permanently enjoined from infringement of the Asserted Patents, including but not limited to an injunction against making, using, offering to sell, and selling within the United States, and importing into the United States, products covered by the Asserted Patents;

G.  For an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

H.  That Quad Lock be ordered to account for, and pay to, Rokform the damages resulting from Quad Lock's infringement of the Asserted Patents, including lost profits, together with interests and costs, and all other damages permitted by 35 U.S.C. 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

COMPLAINT

I.   That this action be adjudged an exceptional case and Rokform be awarded its attorneys' fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

J.   That Rokform be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Rokform hereby demands a trial by jury as to all triable issues.

Dated: May 2, 2025

/s/ Jennifer P. Ainsworth
Jennifer Parker Ainsworth
TX State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON ROBERTSON & VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5091

Michael K. Friedland (SBN 157,217)
michael.friedland@fciplaw.com
Joseph S. Cianfrani (SBN 196,186)
joe.cianfrani@fciplaw.com
Nicole R. Townes (SBN 272,342)
nicole.townes@fciplaw.com
David G. Kim (SBN 307,821)
david.kim@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
949-734-4900

*Attorneys for Plaintiffs*
*Rokform LLC and Rokform IP LLC*

COMPLAINT